## Commonwealth v. Rutt

K. L. *Shirk*, district attorney, for Commonwealth.

G. T. *Hambright* and T. L. *Brubaker*, for defendant.

WISSLER, J., February 6, 1942.—In this case the indictment sets forth that Henry E. Rutt, Jr., the de-

fendant, "did unlawfully and maliciously deface, destroy, remove and alter manufacturer's serial number and manufacturer's distinguishing number and identification mark upon two 825 x 20 Seiberling heavy duty truck tires, for the purpose of concealing and destroying the identity of the said aforenamed tires, so that the same could not be traced by the lawful owner by reason of the said removing, altering, defacing and destroying of the said number and numbers and distinguishing mark and marks on the said tires, contrary to the form of the act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania".

To this indictment defendant in this case has filed a demurrer contending that the indictment charges no indictable offense known under an act of assembly.

The sole question raised by a demurrer to an indictment is whether the facts and circumstances set out constitute a violation of the law. If they do, then judgment must be for the Commonwealth; otherwise, for defendant: Sadler's Criminal Procedure (Henry's 2d ed.), sec. 330, p. 399.

Defendant was indicted under section 883 of The Penal Code of June 24, 1939, P. L. 872, which provides as follows:

"Whoever removes, alters, defaces, covers, or destroys the manufacturer's serial number, or any other manufacturer's number or distinguishing number or identification mark, upon any machine or other apparatus, for the purpose of concealing or destroying the identity of any such machine or other apparatus, or takes in his possession any such machine or apparatus from which the manufacturer's serial number, or any other manufacturer's number or distinguishing number or identification mark, has been removed, altered, defaced, covered, or destroyed for the purpose of concealing or destroying the identity of such machine or other apparatus, knowing, at the time of

taking possession, of such removal, alteration, deface-
ment, covering or destruction, is guilty of a misde-
meanor. . . ."

The demurrer to the indictment in this case raises
the sole question, "Is an automobile tire a 'machine or
other apparatus' as used in the above act of assembly?"

In 3 C. J. 252 and 3 C. J. S. 1425, the word "ap-
paratus" is defined as "A generic word of the most
comprehensive signification; . . . a full collection or
set of implements for a given duty, experimental
or operative; an equipment of things provided and
adapted as a means to some end; any complex instru-
ment or appliance for a specific action or operation,
of which mechanical or chemical instruments are given
as examples; implements; machinery; mechanism."

Many cases in other jurisdictions are cited to sustain
this definition, as well as the case of McClintock &
Irvine Co. v. Ætna Explosives Co., 260 Pa. 191 (1918).
In this case, the question concerned certain fixtures
placed on the premises of the lease, and the words "ma-
chinery and apparatus" were held to include all appli-
ances of any character.

The Statutory Construction Act of May 28, 1937,
P. L. 1019, art. IV, sec. 51, 46 PS §551, provides:

"The object of all interpretation and construction
of laws is to ascertain and effectuate the intention of
the Legislature. Every law shall be construed, if pos-
sible, to give effect to all its provisions. . . .

"When the words of a law are not explicit, the inten-
tion of the Legislature may be ascertained by consid-
ering, among other matters—(1) the occasion and
necessity for the law; (2) the circumstances under
which it was enacted; (3) the mischief to be remedied;
(4) the object to be attained; . . ."

Section 52 of the same act, as found in 46 PS §552,
provides:

"In ascertaining the intention of the Legislature in
the enactment of a law, the courts may be guided by the

following presumptions among others: . . . (5) That the Legislature intends to favor the public interest as against any private interest."

Section 58 of the same act, as found in 46 PS §558, provides: "The rule that laws in derogation of the common law are to be strictly construed, shall have no application to the laws of this Commonwealth hereafter enacted."

As The Penal Code of June 24, 1939, P. L. 872, was enacted subsequent to the Statutory Construction Act of May 28, 1937, P. L. 1019, the provisions of section 58 of the Statutory Construction Act would apply in the instant case, as well as section 52 of the same act, to wit, that the legislature's intention is to favor the public interest as against any private interest.

The court, therefore, concludes that an automobile tire should be construed to be a "machine or other apparatus", as used in the above act of assembly.

And now, February 6, 1942, the demurrer to the indictment is overruled.